UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TERRI CARFAGNO | : |
| Plaintiff, | : |
| vs. | Case No. 8:19-cv-00728-T-02CPT |
| | : |
| MONEY MAP PRESS, LLC | |
| | : |
| Defendant. | |
| | : |

# **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Money Map Press, LLC hereby answers Plaintiff Terri Carfagno's Complaint (ECF No. 1) in the above-styled action, and denies all allegations unless expressly admitted below.

1. Money Map Press admits that this is a purported class action under the TCPA. Money Map Press denies all allegations of wrongdoing, denies that it violated any law, and denies that it injured Plaintiff or any class member she seeks to represent by reason of Plaintiff's allegations in her Complaint.

2. Admitted.

3. Admitted.

4. Denied.

5. Denied given the allegations set forth in paragraph 4 of Plaintiff's Complaint.

6. Denied.

7. Money Map Press admits that Plaintiff seeks injunctive relief, damages, and other relief. Money Map Press denies all allegations of wrongdoing, denies that it violated any law, denies that it injured Plaintiff or any class member she seeks to represent by reason of Plaintiff's

allegations in her Complaint, and denies that Plaintiff is entitled to any of the relief she requests in her Complaint.

8. Denied, except that Money Map Press admits only that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

9. Denied, except that Money Map Press admits only that it does not currently contest venue in this judicial district.

10. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

11. Denied, except that Money Map Press admits only that it is a Maryland corporation, and that the Maryland Secretary of State's website lists the company's principal address as 105 W Monument St., Baltimore, MD 21201.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

16. Denied, except that Money Map Press admits only that Plaintiff purports to characterize the TCPA and FCC findings and that the FCC has authority to issue regulations implementing the TCPA.

17. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited report and order.

18. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited report and order.

19. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited regulation and decision.

20. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

21. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

22. Denied, except that Money Map Press admits only that Plaintiff purports to characterize the cited order.

23. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited order.

24. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited order.

25. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

26. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

27. Denied, except that Money Map Press admits only that Plaintiff quotes part of the cited decision.

28. Denied.

29. Denied.

30. Denied given that the allegation in this paragraph is premised on the allegations in paragraphs 28 and 29 of Plaintiff's Complaint.

31. Denied.

32. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

33. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

34. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

35. Denied.

36. Denied, except that Money Map Press admits only that it owns the domain name pro.moneymappressinfo.com.

37. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them except that Money Map Press possesses information showing that someone named Karen Kauffman consented to receive text messages on the phone number that Plaintiff claims, via this lawsuit, belongs to her.

38. Denied.

39. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them except that Money Map Press admits only that 990-00 appears to be a short code.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

48. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

49. Denied.

50. Denied.

51. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

52. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies them.

53. Denied.

54. Denied, except that Money Map Press admits that Plaintiff purports to bring this case as a class action. Money Map Press denies that Plaintiff or any member of the putative class is entitled to relief by reason of the allegations in the Complaint, and denies that the Court can or should certify any class.

55. Denied, except that Money Map Press admits only that Plaintiff purports to define a class of persons on whose behalf plaintiff purports to bring an action. Money Map Press denies that Plaintiff or any member of the putative class is entitled to relief by reason of the allegations in the Complaint, and denies that the Court can or should certify any class.

56. Money Map Press lacks knowledge or information sufficient to form a belief about the truth of the allegations except that Money Map Press admits the first sentence of paragraph 56

while denying that Plaintiff or any member of the putative class is entitled to relief by reason of the allegations in the Complaint and denying that the Court can or should certify any class.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Money Map Press incorporates by reference its responses to the preceding paragraphs of the Complaint.

66. Admitted.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

\*\*. In response to the unnumbered paragraph beginning with the word "WHEREFORE" on page 17 of Plaintiff's Complaint, Money Map Press denies the allegations set forth in that paragraph, denies that the Court can or should certify any class, and denies that Plaintiff or any putative class member is entitled to any of the relief requested in that paragraph by reason of the allegations set forth in Plaintiff's Complaint or otherwise.

\*\*. In response to the unnumbered paragraph with the heading "DOCUMENT PRESERVATION DEMAND," Money Map Press denies that the demand made in that paragraph is proper and denies that Money Map Press is required to comply with such demand.

## AFFIRMATIVE DEFENSES

Money Map Press' affirmative defenses set forth below are based solely on Plaintiff's allegations in her Complaint (which do not describe the events and claims therein with sufficient particularity to enable Money Map Press to determine all of the defenses which might exist to such claims). Without these and other details, Money Map Press cannot respond further to Plaintiff's Complaint. Therefore, Money Map Press reserves the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action, and to modify the affirmative defenses set forth herein as additional information is obtained by Money Map Press.

Money Map Press asserts the affirmative defenses set forth below, each as separate and distinct affirmative defenses to Plaintiff's alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Money Map Press, that denial does not indicate that Plaintiff is relieved of her burden to prove each and every element of any such claim or that Money Map Press assumed any burden of proof. By alleging these affirmative defenses, Money Map Press does not concede that it bears the burden of proof on these defenses or that such defenses constitute affirmative defenses, but rather provides notice to Plaintiff to avoid waiver.

### First Affirmative Defense

Plaintiff or members of the putative class, or both, provided prior express written consent to receive the messages of which they complain. Plaintiff – or her predecessor or some other person using or knowing her phone number – voluntarily and expressly consented in writing to

receive the text message over which Plaintiff sues. Such information reflecting consent was obtained by a third party.

## Second Affirmative Defense

Plaintiff, or some members of the putative class members she seeks to represent, agreed to binding arbitration. They, therefore, cannot pursue their TCPA claims on a class wide basis in this Court.

## Third Affirmative Defense

The damages suffered by Plaintiff and putative class members, if any, are due to the contributory fault of the Plaintiff and to the comparative or contributory fault of others. Money Map Press alleges that any recovery should be reduced or barred in proportion to the degree or percentage of fault attributable to Plaintiff, putative class members, and others.

## Fourth Affirmative Defense

Some or all of the claims alleged by Plaintiff and on behalf of the putative class members are barred because their alleged damages, if any, were caused solely by their own respective acts, wrongs, or omissions, by intervening causes, or by other persons or entities over whom Money Map Press had no control and for which Money Map Press is not responsible. Plaintiff, or someone on her behalf or under the circumstances described in the first affirmative defense, consented to receive the message over which she sues.

## Fifth Affirmative Defense

To the extent the alleged injuries or causes of action arose prior to the applicable prescriptive or statutory periods, Plaintiff's claims and those of the putative class are barred, in whole or in part, by applicable statutes of limitations or statutes or rules of repose.

### Sixth Affirmative Defense

The First Amendment of the U.S. Constitution bars Plaintiff's claims.

### Seventh Affirmative Defense

Plaintiff's requested relief would be so punitive and disproportionate to the gravity of the violations alleged in the Complaint as to amount to a violation of Money Map Press's right to due process.

### Eighth Affirmative Defense

Plaintiff is barred from recovering against any defendants because the telephone calls received by plaintiff were made with the caller's reasonable reliance upon Plaintiff's consent to receive the complained-of telephone calls, or were made through inadvertence, and therefore the telephone calls received by Plaintiff fall within the "safe harbor" established by the Federal Communications Commission.

### Ninth Affirmative Defense

The Complaint, and each claim for relief purportedly alleged against Money Map Press, is barred because the statute and causes of action under which the Complaint is brought are unconstitutional to the extent they are applied in a manner that violates any constitutional protection, including: (a) the excessive fines clauses of the Eighth Amendment to the United States Constitution; (b) the due process clause of the Fourteenth Amendment to the United States Constitution; (c) the constitutional prohibition against grossly excessive punishment; and (d) the constitutional prohibition against vague, standardless, and overbroad laws.

### RESERVATION OF RIGHTS

Money Map Press hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this

case, and hereby reserves the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Money Map Press has not completed discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Money Map Press prays that:

A. Judgment be rendered in favor of Money Map Press and against Plaintiff with respect to all counts and causes of action in the Complaint;

B. The above entitled action be dismissed in its entirety with prejudice;

C. Plaintiff and the putative class members take nothing by reason of her Complaint; and

D. For such other relief in Money Map Press's favor as the Court deems just and proper.

                                           */s/ Lansing C. Scriven*
LANSING C. SCRIVEN, ESQ
Florida Bar No. 729353
LANSE SCRIVEN LAW
lanse@lansescriven.com
3903 Northdale Blvd., Suite 100e
Tampa, FL 33624
813/940-4000 (Telephone)
813/327-4828 (Facsimile)

--and--

ARI N. ROTHMAN, ESQ.
THEODORE B. RANDLES, ESQ.
Florida Bar No. 115790
VENABLE LLP
tbrandles@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
202/344-4000 (Telephone)
202/344-8300 (Facsimile)

Attorneys for Money Map Press, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** has been electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing will be furnished through the CM/ECF system to counsel of record on this **6th** day of May, 2019.

/s/ Lansing C. Scriven